UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMI JO OMRAN and IKREMAH OMRAN, | ) | CASE NO. 4:18-cv-2446 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the defendants' motion to remand[1] (Doc. No. 13 ["Mot."]), which plaintiffs have opposed (Doc. No. 14 ["Opp'n"]). For the reasons and in the manner set forth herein, the motion is granted.

I.  BACKGROUND

Plaintiff Ikremah Omran ("Omran") has been a legal permanent resident of the United States since on or about September 29, 2011. On or about March 7, 2016, Omran submitted his N-400 Application for United States Citizenship ("application"). He has been married to plaintiff Ami Jo Omran, a U.S. citizen, since September 29, 2016. (Doc. No. 1, Complaint ["Compl."] ¶¶ 4–5.)

---

[1] Defendants Christopher Wray, Director of the FBI, and Eric B. Smith (in his role as Special Agent in Charge of the FBI Cleveland Field Office, seeking to be substituted for defendant Stephen D. Anthony) have also filed a motion to dismiss the mandamus action against them for lack of subject matter jurisdiction. (Doc. No. 12.) That motion need not be addressed as it is rendered moot by this ruling. That said, mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). "The defendant has a clear duty when the action that the plaintiff seeks to compel is not discretionary." *Id.* As this Court has previously stated, the FBI "does not have a nondiscretionary duty to complete [naturalization] background checks within a specific period of time." *Ivakin v. Hansen*, No. 5:07CV3227, 2008 WL 5725580, at *3 (N.D. Ohio Aug. 12, 2008) (citing cases).

This case arises because defendant U.S. Citizenship and Immigration Services ("USCIS") has failed to adjudicate Omran's application within the 120-day statutory period following his examination on April 6, 2017, despite at least twenty-eight (28) post-examination inquiries to USCIS' Examination Section by his attorney attempting to obtain a decision on Omran's application. (*Id.* ¶¶ 14, 19.)

Plaintiffs ask, *inter alia*, that this Court assume jurisdiction over Omran's application, grant it, and administer the Oath of Citizenship to him. In the alternative, plaintiffs seek an order directing defendants to complete forthwith Omran's security clearance (also known as a "name check") and to administer the Oath of Citizenship to him. (*Id.*, Prayer for Relief, at 14–15.[2])

## II.   DISCUSSION

When a person applies for naturalization, USCIS must "conduct a personal investigation of the person" in the vicinities where the person has lived and worked "for at least five years immediately preceding the filing of his application for naturalization." 8 U.S.C. § 1446(a); *see also* 8 C.F.R. § 335.1. As part of this investigation, USCIS must also examine the applicant in person. 8 C.F.R. § 335.2(a). This examination may not take place before the USCIS receives "[a] definitive response that a full criminal background check on [the] applicant [perfomed by the Federal Bureau of Investigation ("FBI")] has been completed[.]" 8 C.F.R. § 335.2(b).

If USCIS has not adjudicated the person's application within 120 days of the in-person examination, the applicant may petition the district court to assume jurisdiction over his application. 8 U.S.C. § 1447(b). The district court "has jurisdiction over the matter and may either

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." *Id.*

Although this Court has discretion under § 1447(b) to decide Omran's application for naturalization, district courts typically "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Ventura,* 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002). "[J]udicial deference to the Executive Branch is especially appropriate in the immigration context[.]" *I.N.S. v. Aguirre–Aguirre,* 526 U.S. 415, 425, 119 S. Ct. 1439, 143 L. Ed. 2d 590 (1999); *see Al–Mohammed v. U.S. Citizenship & Immigration Servs.,* No. 07–10732, 2007 WL 2004866, *3 (E.D. Mich. July 9, 2007) (collecting cases favoring remand over determination of the merits of an application); *see also Ventura,* 537 U.S. at 16 (noting that the policy favoring remand to executive agencies "has obvious importance in the immigration context").

In their motion to remand, defendants argue that "[b]y remanding the matter to USCIS, this Court will facilitate the agency's expeditious adjudication of Mr. Omran's naturalization application[.]" (Mot. at 78.) Defendants also state that "USCIS is prepared to complete its adjudication of Mr. Omran's application after remand of this matter—far sooner than would be possible if this Court retains jurisdiction over this action." (*Id.* at 78–79.)[3] Defendants do not specify when or within what period of time they would complete the adjudication, but an immediate adjudication seems unlikely, since defendants explicitly mention that they would need

---

[3] Several courts take the position that, where USCIS has failed to act within 120 days of the initial examination, if the naturalization applicant seeks to have the district court decide the application under § 1447(b), the court has exclusive jurisdiction and USCIS may not take further action without an order of remand. *See e.g., Rahman v. Napolitano*, 385 F. App'x 540, 545 (6th Cir. 2010) (noting that three other circuits—the Second, Fourth and Ninth—have held that the district court's jurisdiction is exclusive following the filing of an action under § 1447(b) (citing cases)).

to "re-interview" Omran. (*Id*. at 77.) In addition, it appears that the required full criminal background check has not been completed by the FBI.[4] It is plaintiffs' view that all the necessary factual information can (and should) be gathered through a mutual discovery process in this lawsuit, not through remand for further delayed administrative proceedings. (Opp'n at 85.)

Finally, defendants argue that remand would "allow USCIS to fulfill its statutory mandate by adjudicating the application in the first instance using its expertise in the area, and serve the interests of judicial economy." (Mot. at 78.) They also argue that a remand "would allow USCIS … to fully develop an administrative record." (*Id.* at 79.) There is merit to the assertion that USCIS is in the best position to adjudicate Omran's application and permitting it to do so will not unduly prejudice Omran because, although there will be some additional delay and expense, he will still have available to him a full judicial review, on a complete administrative record.

In their opposition brief, plaintiffs argue that defendants are merely seeking to further delay the adjudication of Omran's application and that plaintiffs can take no comfort, on this record, from empty promises of "expeditious" treatment. One can hardly blame them for this attitude. This is the second lawsuit they had to file[5] and, understandably, they are not desirous of filing a third.

Defendants' arguments in the motion to remand provide the better view. Although the relevant statute granting this Court jurisdiction to consider Omran's application "leaves the question of how best to proceed within the [C]ourt's discretion[,]" *Patel v. Hansen*, No. 1:07-CV-

---

[4] In their motion, defendants ask for remand "without a deadline . . . for a decision after all of the background check information becomes available and any necessary follow-up is complete." (Mot. at 77–78 (citing cases).)

[5] Plaintiffs previously filed Case No. 1:09cv2207, *Omran, et al. v. USCIS, et al*, after USCIS failed to timely adjudicate Omran's then-pending I-485 Application for Lawful Permanent Resident status. That case was dismissed without prejudice following USCIS' denial of the application (while the lawsuit was pending) and its institution of removal proceedings against Omran. When the immigration court reviewed his I-485 application *de novo*, it granted Omran lawful permanent resident status, but not before two more years had passed, and plaintiffs had suffered the expense of a lawsuit and a removal proceeding. Needless to say, plaintiffs do not trust defendants' current promises and representations.

00792, 2008 WL 148947, at *1 (S.D. Ohio Jan. 14, 2008), "[a]lmost without exception, courts have elected to remand similar questions to the USCIS." *Id.* (citing *Manzoor v. Chertoff*, 472 F. Supp. 2d 801 (E.D. Va. 2007) (collecting cases)). "Generally, when statutes place primary responsibility for a decision in agency hands, courts should remand to that agency when possible." *Id*. (citation omitted).

Here, although the Court has jurisdiction to hear Omran's application, it "does not have the capacity to complete the background check which Congress has mandated in these cases prior to adjudication." *Afaneh v. Hansen*, No. 3:07-CV-293, 2008 WL 686767, at *1 (S.D. Ohio Mar. 13, 2008); *see also Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842 (E.D. Mich. 2006) ("[a] court is not equipped to conduct [the background check]"). Citizenship is a privilege, "which Congress can properly condition on appropriate background checks, in this case conducted by the FBI." *Afaneh*, 2008 WL 686767, at *1.

The most prudent course of action is to remand and to do so without imposing a specific time limit for completing consideration of Omran's application.[6] This Court "do[es] not presume to have sufficient knowledge of how long it takes [the agencies] to make this decision with which they have been tasked." *Issa v. Mueller*, 486 F. Supp. 2d 668, 674 (E.D. Mich. 2007). Further, although the FBI is a named defendant in this case, "the text of Section 1447(b) does not clearly authorize" the Court "to issue an [o]rder requiring the FBI to expedite the background check[.]" *Musaad v. Mueller*, 627 F. Supp. 2d 804, 809 (S.D. Ohio 2007).

---

[6] This is not to say that this Court will *never* exercise its discretion to consider an application, depending upon the facts and circumstances in a given case.

**III. CONCLUSION**

Taking the case law, the statutes, the policy considerations, and the parties' arguments into consideration, the Court is of the view that the interests of all parties, as well as judicial economy, are best served by a remand "with appropriate instructions[.]" 8 U.S.C. § 1447(b).

Accordingly, this matter is remanded to the USCIS with instructions that the agency shall determine Omran's N-400 Application for United States Citizenship as expeditiously as possible after the FBI background check, and any necessary follow up, is completed. This action is remanded and dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: September 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**